## Charles M. Swain, Plff. in Err., v. City of Philadelphia.

In an action of scire facias sur municipal claim by the city of Philadelphia for the laying of water main in front of the defendant's property, at a statutory rate per foot front, evidence as to the inferior character of the pipe laid is inadmissible.

(Argued March 27, 1888.  Decided April 23, 1888.)

January Term, 1888, No. 224, E. D.    All the Judges present.    Error to Common Pleas No. 1 of Philadelphia County to review a judgment on a verdict in favor of the plaintiff in an action of scire facias sur municipal claim, March Term, 1875, No. 121.    Affirmed.

It appeared at the trial that the plaintiff had laid water pipe in front of the defendant's property and claimed therefor the statutory rate of $1 per foot front, which the defendant refused to pay.

The defendant offered to prove that the pipe in question was not new, but was pipe which the city had previously used and had dug up and placed in front of defendant's premises; that the pipe was old and corroded, and that in consequence of its being in this condition, soon after it was laid it burst; that although it was not in such a condition that it did not permit water to be transmitted through it, it was in such a condition that by its ordinary use it would soon burst and require constant repair.

Objection. Objection sustained. Exception.

Verdict and judgment were for the plaintiff for $449.80.

The assignment of error specified the rejection of evidence as above.

*John G. Johnson,* for plaintiff in error.—Benefit, actual or probable, is the only foundation on which an assessment can lawfully rest. Dill. Mun. Corp. § 809; Seely v. Pittsburgh, 82 Pa. 360, 22 Am. Rep. 760.

So the arbitrary price for water pipe was sustained with considerable hesitation only because it appeared under all the circumstances to be a reasonable method of assessing on the property owners the actual cost of laying the whole pipe. Philadelphia v. Sellers, 6 Phila. 253; Lea v. Philadelphia, 80 Pa. 315.

*E. Spencer Miller,* Assistant City Solicitor, and *Charles F. Warwick,* City Solicitor, for defendant in error.—Municipal assessments are taxes. Olive Cemetery Co. v. Philadephia, 93 Pa. 129, 39 Am. Rep. 732.

The tax is not collected to pay the cost of laying the pipe. Lea v. Philadelphia, 80 Pa. 315.

Inequivalence of the related benefit conferred cannot be set up as a defense to a tax. Philadelphia v. Tryon, 35 Pa. 401; Com. use of Pittsburgh v. Woods, 44 Pa. 113; Magee v. Com. 46 Pa. 363; Stroud v. Philadelphia, 61 Pa. 255; Brientnall v. Philadelphia, 103 Pa. 156; Michener v. Philadelphia, 118 Pa. 535, 12 Atl. 174; Britton v. Philadelphia, 32 Pa. 387.

PER CURIAM:

If it were the rule that the property owner was obliged to pay only for the cost of the water pipes passing his property, the defendant's contention would be correct, and he then might well be permitted to sho wtheir value. Such, however, not being the rule, but the expense of structures of this kind being met by a general charge or tax, of a certain amount per foot, and that without regard to the size or character of the pipe, it is clear that the defense was, in the court below, properly treated as unavailing. That the pipe used was old, second hand and bad, was of little consequence to the defandant, since the costs of repair or substitution would fall, not on him, but on the city.

Judgment affirmed.